**SIGNED THIS: December 11, 2013**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GERALD HARTMAN and | ) Bankruptcy Case No. 13-90309 |
| LYNNE E. HARTMAN, | ) |
| | ) |
| Debtors. | ) |

and

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BAY HARBOR APARTMENTS, LLC, | ) Bankruptcy Case No. 13-90310 |
| | ) |
| Debtors. | ) |

OPINION

These matters having come before the Court on Stabilis Fund II, LLC's Motion (I) for Relief from Stay, and (II) to Prohibit Debtor's Unauthorized Use of Cash Collateral filed in each case; the Court having heard sworn testimony, reviewed exhibits submitted by the parties, and read the written memoranda of law submitted by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtors' bankruptcy cases were filed on March 18, 2013, under Chapter 11 of the Bankruptcy Code.

2. The majority of the Debtors' assets consist almost entirely of real estate, which the Debtors' bankruptcy schedules indicate have a consolidated value of approximately $2,868,013. The bulk of the real estate in question consists of rental properties owned and managed by the Debtors.

3. On the date of filing for relief under Chapter 11 of the Bankruptcy Code, the Debtors' personal assets consisted almost exclusively of $21,953.41 in checking, savings, or other financial accounts. The majority of the personal assets were held in an income tax escrow account. On the date of filing for relief under Chapter 11, the Debtors showed general unsecured non-priority claims of approximately $177,185.70. This amount did not include any deficiency claim that may be due and owing to Creditor, Stabilis Fund II, LLC, under its mortgage on all of the Debtors' real estate holdings.

4. It is undisputed that the Debtors' real estate is fully encumbered by the mortgage lien of Stabilis Fund II, LLC, and that Stabilis Fund II, LLC filed a proof of claim on July 22, 2013, in the amount of $4,964,838.65. The claim of Stabilis Fund II, LLC is asserted as a secured claim up to the value of the Debtors' real estate assets and an unsecured claim for the remaining deficiency.

5. The Debtors' exclusive period to file a plan of reorganization under Chapter 11 lapsed on July 16, 2013, with no plan being filed prior to that date.

6. The Debtors' August 2013 Monthly Operating Report reviewed by the Court indicates that the Debtors' cash on hand over five months after filing its Chapter 11 bankruptcy petition was approximately $52,884.76, for an average net income of approximately $10,576.95 per month since filing for relief under Chapter 11.

7. There is no dispute by the Debtors that they have paid no real estate taxes on their real estate since the filing of their bankruptcy petitions. The clear facts before the Court indicate that, had the Debtors timely paid real estate taxes due on their real estate, they would have paid approximately $79,615.42, leaving the Debtors with a negative cash flow since filing for relief under Chapter 11 of the Bankruptcy Code.

8. On September 12, 2013, the Debtors filed Disclosure Statements and Plans of Reorganization designating four classes of creditors. Class 1 consists of the claims of Champaign County, Illinois, for unsold real estate taxes due and owing on the Debtors' real estate, which the Debtors indicate amount to approximately $7,561.24, as of August 15, 2013. Class 2 consists of the claims of various third-party purchases of unpaid real estate taxes for the real estate collateral of the Debtors, which the Debtors' Plans indicate equal approximately $181,980.10, as of August 15, 2013. Class 3 of the Debtors' Plans consists of the secured claims of lender, Stabilis Fund II, LLC. Class 4 of the Debtors' Plans consists of all unsecured claims.

9. A hearing was held on Stabilis Fund II, LLC's Motion (I) for Relief from Stay, and (II) to Prohibit Debtor's Unauthorized Use of Cash Collateral filed in each of the above-captioned cases on October 17, 2013. At hearing, Gerald Hartman testified that the Plan in each case was only a proposal and that no statement of projections to verify if the Plans were feasible had been prepared. Gerald Hartman further stated that "all or some" of the real property assets were necessary for an effective reorganization; however, he did not elaborate which, if any, of the individual real estate property assets were absolutely necessary for an effective reorganization.

10. It is clear from the record of the Debtors' bankruptcy proceedings and from the testimony of Gerald Hartman that the reorganization plans will be financed using the revenues from the real property assets retained by the Debtors, and that no holder of any equity interest in the Debtors is contributing any money or financing in any connection with the Plans. It is also clear that the Debtors will need new and additional financing from a third party in order to resolve

the secured claims of Creditor, Stabilis Fund II, LLC, at the end of their plan terms. Debtor, Gerald Hartman, testified that at present there is no commitment for financing in the future.

11. In addition to admitting that the Debtors have no commitment for financing to resolve the secured claim of Stabilis Fund II, LLC, Debtors also admit that cash collateral of Stabilis Fund II, LLC, consisting of rents generated from the Debtors' rental properties has been used without consent from Stabilis Fund II, LLC and without authorization from this Court.

## Conclusions of Law

Title 11 U.S.C. §362(d)(1), states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

In considering the evidence presented at hearing on October 17, 2013, and the entire record of the Debtors' bankruptcy proceedings, the Court finds that the Debtors have continued to use the cash collateral of Stabilis Fund II, LLC without Court approval or the lender's consent. The Debtors have failed to pay any real estate taxes due since the commencement of their bankruptcy cases, thereby permitting additional tax liens and encumbrances which further diminish the value of Stabilis Fund II, LLC's secured claim against the Debtors' real estate property assets. The undisputed facts in these cases reveal that the Debtors have no equity in the real estate assets in question. In fact, Creditor, Stabilis Fund II, LLC, is under secured by approximately $2,000,000. Under these undisputed facts, it is clear that the Debtors have not and cannot offer adequate protection for the secured claims of Creditor, Stabilis Fund II, LLC, in their real estate assets. This being the case, the Court must find that relief from the automatic stay and denial of use of cash collateral in both the above-captioned cases has been shown under the provisions of 11 U.S.C. §362(d)(1).

Even though this Court finds that the relief requested by Stabilis Fund, II, LLC should be granted under the provisions of 11 U.S.C. §362(d)(1), it also concludes that relief is warranted under the provisions of 11 U.S.C. §362(d)(2), which states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . .
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if --
>
> (A) the debtor does not have equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

In considering the undisputed facts in these matters under the provisions of 11 U.S.C. §362(d)(2), the Court finds that the Debtors have stipulated that they have no equity in the real estate in question. As such, it is the Debtors' burden to prove that the property is necessary for an effective reorganization. See: 11 U.S.C. §362(g).

In order to prove that property is necessary for an effective reorganization, the Debtors must demonstrate, "that the property is essential for an effective reorganization that is in prospect. This means . . . that there must be a reasonable possibility of a successful reorganization within a reasonable time period." United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 108 S.Ct. 626 (1988). To be "effective," a plan must be confirmable. Edgewater Walk Apartments v. MONY Life Ins. Co.of America, 162 B.R. 490 (N.D. Ill. 1993). For motions for relief from stay determined after the expiration of the Debtors' exclusivity period, at least one Bankruptcy Court has suggested that the standard must demonstrate, "it is assured that a successful reorganization will soon occur." In re Holly's, Inc. 140 B.R. 643 (Bankr. W.D. Mich. 1992). In the instant cases, the Debtors' bankruptcy petitions have been pending for over eight months, and the only plans currently before the Court are unconfirmable on their face.

Title 11 U.S.C. §1129(a)(10) of the Bankruptcy Code requires that a plan may only be confirmed if, "at least one class of claims that is impaired under the plan has accepted the plan,

5

determined without including any acceptance of the plan by any insider." Under the undisputed facts of these cases, it is clear that the Debtors cannot confirm the reorganization plans proposed without the acceptance of Creditor, Stabilis Fund II, LLC, which controls two of the four classes of creditors.

In addition to finding that the plans proposed by the Debtors are unconfirmable pursuant to the provisions of 11 U.S.C. §1129(a)(10), the Court also finds that the plans are unconfirmable because they fail to satisfy the absolute priority rule as set forth in 11 U.S.C. §1129(b)(2)(B)(ii). Under the plans presented by the Debtors, it must be assumed that the equity interests in the Debtors will continue to be held by the Hartmans, since there is no alternative expressly identified. In conjunction with this fact, Debtor, Gerald Hartman, confirmed that he was not contributing any new equity or value in order to preserve the Hartmans' equity interests despite the fact that unsecured creditors will not be paid in full. As such, the plans as proposed are not confirmable.

A review of the undisputed facts and the plan provisions proposed by the Debtors reveals that the plans are not fair and equitable as required by 11 U.S.C. §1129(b). The proposed treatment of the claim of Creditor, Stabilis Fund II, LLC, is not fair and equitable because the proposed interest rate of 3.25% fails to compensate Stabilis Fund II, LLC for the risks in this case and the proposed amortization period of 40 years is far too long. The proposed treatment of the Class 3 secured claim of Stabilis Fund II, LLC provides no premium for the risk of the Debtors' circumstances, which include the facts that (1) the Debtors are not paying real estate taxes as they come due, (2) the Debtors have historically failed to maintain the real estate assets in compliance with property codes, (3) the Debtors have no unencumbered assets and no source of additional revenue, (4) the Debtors have a high historic vacancy rate, and (5) the Debtors have no equity in any of the real estate assets. The current Wall Street Journal Prime Rate is equal to 3.25%, and, under the undisputed facts of these cases, an upward adjustment of that rate is required. With

such an adjustment, it is simply impossible for the Debtors to generate the revenue necessary to meet their cash flow requirements.

Finally, the Court concludes that the Debtors' proposed plans of reorganization are not confirmable pursuant to the provisions of 11 U.S.C. §1129(a)(11). In these cases, the Debtors have failed to provide any evidence that: (1) the Debtors could satisfy their obligations on the effective date of the plans; (2) the Debtors could meet their monthly payments obligations during the plan terms; or (3) the Debtors could satisfy the balloon payment due to Creditor, Stabilis Fund II, LLC, at the end of the proposed plan terms. It is clear that, without a commitment for future financing to satisfy the balloon payment due to Creditor, Stabilis Fund II, LLC, at the end of the proposed plan terms, the Debtors cannot have an effective reorganization. The only evidence before the Court on this issue is highly speculative, and the Court has no confidence that the Debtors can obtain a commitment for future financing under the undisputed facts of these cases.

In conclusion, the Court finds that relief from the automatic stay must be granted to Creditor, Stabilis Fund II, LLC, under the provisions of both 11 U.S.C. §§362(d)(1) and (2). The undisputed facts before the Court clearly show that Creditor, Stabilis Fund II, LLC, is not adequately protected in its interest in the Debtors' real estate assets, that the Debtors do not have any equity in their real estate assets, and that there has not been an adequate showing that the real estate assets in question are necessary to an effective reorganization.

###